# M. E. SMITH & COMPANY v. D. W. MEEKER and Others.[1]

November 21, 1913.

Nos. 18,362—(110).

**Account — charge to jury — verdict.**

> In this action involving an account between a wholesale merchant and a retail firm, instructions of the trial court *held* correct and evidence examined and *held* to sustain the verdict.

Action in the district court for Clay county against D. W Meeker, receiver for E. W. Humphrey, and defendants Spring, Olstad and Hanson, copartners as the Boston Clothing Company, and E. W. Humphrey, to recover a balance of $230.94. The case was tried before Taylor, J., who denied plaintiff's motion for a directed verdict, and a jury which returned a verdict for $122.57 in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Edgar E. Sharp,* for appellant.

*Charles S. Marden,* for respondent.

BUNN, J.

This action is to recover the unpaid balance on a note made to plaintiffs by Spring, Donovan & Company, a partnership formerly engaged in business in Moorhead, Minnesota, to recover the agreed price of certain merchandise sold to said partnership, and of certain merchandise sold to the Boston Clothing Company, a partnership which succeeded and took over the business of Spring, Donovan & Company. Plaintiff is engaged in the wholesale dry goods business in Omaha. Defendant Meeker is the receiver of the partnership Boston Clothing Company, and defendant Humphrey one of the partners. It was claimed by plaintiff that the Boston Clothing Company assumed and agreed to pay the note. This was denied by the

[1] Reported in 143 N. W. 1132.

answer, which alleged that the note was given by Albert H. Spring, one of the firm of Spring, Donovan & Company, in payment for goods sold by plaintiff to himself and Donovan at Aberdeen, South Dakota, where they ran a retail clothing business on their own account, and not for merchandise sold to the Moorhead firm. This allegation of the answer was denied in the reply, and this formed the only issue on the trial. It was established by the evidence, and admitted, that in the summer of 1910 plaintiff sold and delivered to Spring & Donovan at Aberdeen goods of the agreed price of $117.30. There was no claim that Spring, Donovan & Company of Moorehead were liable for this, or that the Boston Clothing Company had assumed or agreed to pay it. The claim of defendants was and is that this $117.30 was charged by plaintiff against Spring & Donovan Company of Moorhead, and included in the note sued upon. The claim of plaintiff is that the note was given for two particular bills of goods sold to the Moorhead firm, and included no part of the indebtedness of Spring & Donovan of Aberdeen.

The trial court submitted the above issue to the jury, instructing in substance that defendants were liable for any balance due plaintiff on account of goods sold to either Moorhead concern, but not for goods sold to the Aberdeen concern, and leaving it to the jury to decide whether the amount represented by the note was due from Spring, Donovan & Company of Moorhead at the time it was given, or whether, to make up the amount, there was included the goods sold to Spring & Donovan of Aberdeen. The jury deducted the price of these goods from plaintiff's claim and returned a verdict for the balance. Plaintiff appealed from an order denying a new trial.

A careful consideration of the evidence, including the statement of the account taken from plaintiff's books, and the account as shown on the books of Spring, Donovan & Company of Moorhead, leads us to the conclusion that the trial court was right in its instructions, and the jury right in the result reached. The Boston Clothing Company assumed the indebtedness of Spring, Donovan & Company of Moorhead. Defendants are liable for that indebtedness, but for nothing more. It does not appear that defendant Humphrey, who is apparently the responsible defendant, or any of the members of

the partnership, except Spring, who was also interested in the Aberdeen store, ever knew that Spring had given a note to plaintiff, or that they ever assumed or agreed to pay this note. If, therefore, the note was for an amount in excess of the indebtedness of Spring, Donovan & Company, to plaintiff, defendants are not liable for such excess. The items for the goods sold to the Aberdeen firm appear on the debit side of plaintiff's account with the Moorhead firm. The credits, payments from time to time by the debtors, at the time the two items of goods for which the note was apparently given were charged, equaled the total debits, which included the Aberdeen items. It thus appears that at the time the note was given, Spring, Donovan & Company of Moorhead had paid, through mistake or through fraud on the part of Spring, the sum of $117.30 in excess of the indebtedness then owing by them. They then had a credit balance of that amount. It follows that the note did not represent the indebtedness of the partnership to plaintiffs, but was in excess of that indebtedness in the sum of approximately $117.30. The books of Spring, Donovan & Company really showed this situation up to the time when a balance seems to have been forced, that agreed with the balance shown by plaintiff's statement.

Plaintiff insists that the evidence is conclusive that the Aberdeen items had been long before paid by the Aberdeen firm. We fail to understand how this helps plaintiff's case. If they had been so paid, they ought not to appear as a charge against the Moorhead firm, as they clearly do. Granting a recovery for those items here would result in plaintiff's being paid twice. We find no errors in the record. The case presents questions of bookkeeping rather than of law, and there were no serious questions of fact. The result is right, as we view the case, and the only one that could be reached.

Order affirmed.